# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RYAN VIGIL,

    Plaintiff,

v.                                                                           Civ. No. 17-656 SCY/KK

ANTHONY DELFIN, et al,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff's Motion for Limited Discovery Pursuant to Rule 56(d), filed October 16, 2017. Doc. 24. The Court will GRANT in part and DENY in part Plaintiff's request for limited discovery.

## I. Background

Plaintiff has sued Defendants for damages and injunctive relief based on Defendants' refusal to employ him for the 2015 fire season forward as a wildlands firefighter. Doc. 1-2. Defendants have moved for summary judgment and a stay of discovery on the basis of qualified immunity. Docs. 18, 19. On October 6, 2017, the Court granted Defendants' motion for a stay of discovery. Doc. 23. On October 16, 2017, Plaintiff filed the motion for limited Rule 56(d) discovery now before the Court. Doc. 24.

## II. Standard of Review

Federal Rule of Civil Procedure 56(d) allows for limited discovery relating to a motion for summary judgment "when facts are unavailable to the nonmovant." Fed. R. Civ. P. 56(d). The Rule is based on the general principle that "summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986). Although Rule 56(d)

1

enables a party to obtain discovery in order to respond to a motion for summary judgment, it "is not a license for a fishing expedition, especially when summary judgment is urged based on a claim of qualified immunity." *Lewis v. Ft. Collins*, 903 F.2d 752, 759 (10th Cir. 1990).

When, as here, a party has asserted the qualified immunity defense, the nonmoving party's burden under Rule 56(d) is elevated because government officials have "a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery." *See Gomez v. Martin*, 593 F. App'x 756, 760 (10th Cir. 2014) (unpublished)[1] (quoting *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001). Nevertheless, "limited discovery [under Rule 56(d)] may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Id.* at 760-61 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 593 n. 14 (1998)); *See also Weise v. Casper*, 507 F.3d 1260, 1265 (10th Cir. 2007) (reasoning that "it is well established that limited discovery may be necessary to resolve qualified immunity claims on summary judgment."). However, "until the threshold [qualified] immunity question is determined, discovery shall be limited to that issue alone." *Lewis*, 903 F.2d at 754.

"A party seeking to defer a ruling on summary judgment under Rule 56[d] . . . must 'file an affidavit that explain[s] why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts.'" *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1308 (10th Cir. 2007) (quoting *Trask v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006)). Having identified the unavailable facts and the steps taken to obtain them, the party must then "show how additional time will enable him to rebut [the] movant's allegations of no genuine issue of material fact."

---

[1] The Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. *See* 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value.").

*F.D.I.C. v. Arciero*, 741 F.3d 1111, 1116 (10th Cir. 2013) (quoting *Trask*, 446 F.3d at 1042). In the qualified immunity context, the plaintiff is required to demonstrate through the Rule 56(d) affidavit "how discovery will raise a genuine fact issue as to [the defendant's] qualified immunity claim." *Lewis,* 903 F.2d at 758.

## III. Analysis

Plaintiff seeks discovery related to four categories of information. The Court will address the discovery requests for each category in turn.

1. *"Deposition testimony from Mr. Pino about two items: His conversations with Mr. Vigil as set out in Mr. Vigil's Complaint and Affidavit to help support the property interest claim, and Mr. Pino's hiring practices as set out in the Complaint at paragraphs 20, 26 and 28 and Mr. Vigil's Affidavit"*

As Plaintiff explains, Eugene Pino was the District Fire Manager for the Las Vegas District. Doc. 25 at 3. Plaintiff asserts that Mr. Pino would testify (1) that he "assured [Plaintiff] that [his] contract would be renewed"; (2) that Plaintiff "would continue to be employed as an EF/AD for the Las Vegas District"; (3) about his hiring practices which "would also help establish mutual expectation of that interest by explaining that Mr. Vigil's contract would have been renewed for the 2015 and subsequent fire seasons except for the interference by Defendants"; and (4) that "[o]nce firefighters were hired for one fire season, they were always rehired each subsequent season they applied for." Doc. 25 at 4.

Plaintiff does not allege, however, that Mr. Pino would establish that he actually entered into a contract with Plaintiff for the 2015 fire season. Further, although Plaintiff asserts that Mr. Pino "had sole authority to hire Emergency Firefighters . . ." (Doc. 25 at 3), Plaintiff's claims are premised on his allegation that, despite Mr. Pino's desire to hire Plaintiff, Defendants refused to do so. *See* Doc. 1-2 at ¶ 29 ("Defendants continued to forbid the Districts from hiring Mr. Vigil."); *id.* at ¶ 43, 47 (Defendants deprived Plaintiff of his entitlement to an Emergency

3

Firefighter positions in 2016 and 2017); *id*. at ¶ 58 (Defendants "have prevented Mr. Vigil from engaging in his profession of wildfire fighting within the State of New Mexico and in other fire districts around the country"). Additionally, Defendants' motion for summary judgment is not premised on an argument that they were not involved in the decision to decline to employ Plaintiff for fire seasons 2015 and beyond. Doc. 18 at 6-8. Rather, Defendants argue that, as a matter of law, Plaintiff had no property interest in being hired for those fire seasons. *Id*. Because the testimony Plaintiff hopes to obtain from Mr. Pino does not bear on resolution of this legal issue and because Rule 56(d) has an elevated standard in qualified immunity cases, the Court denies Plaintiff's request to depose Mr. Pino.

2. *"Brief depositions of Defendants Delfin and Tudor limited to the issue of when they became aware of the fraud allegations against Mr. Vigil"*

In asserting that he has a property interest in continued employment as an Emergency Firefighter, Plaintiff argues that his 2014 contract provided certain fact-finding procedural due process rights and that, in an effort to deny him fact-finding due process to which he was entitled, Defendants intentionally waited until after the 2014 fire season was over to make their factual findings. Doc. 25 at 4-5. Further, Defendants assert as an undisputed *material* fact that complaints about Plaintiff "came to the division's attention after he was no longer employed and after the fire season." Doc. 18 at 3. Thus, the Court agrees that when Defendants Delfin and Tudor became aware of the fraud allegations against Mr. Vigil is an issue of sufficient significance to justify some discovery.

However, the Court also recognizes that Defendants Delfin and Tudor are the very type of people qualified immunity was designed to protect from the burdens of discovery. Requiring them to provide sworn depositions before their assertion of qualified immunity has been resolved would be the most onerous discovery burden available. To avoid this burden and because the

information Plaintiff seeks can more efficiently be obtained through the use of interrogatories, the Court will allow Plaintiff to propound no more than two interrogatories each to Defendants Delfin and Tudor that are directed at determining when they became aware of the fraud allegations against Plaintiff.

3. "*The documents or statements which were obtained as part of the investigation of the allegations of Mr. Vigil's misconduct in 2014. As noted in Mr. Vigil's Affidavit/Complaint, the Department claimed there were no documents generated from the investigation on Mr. Vigil's alleged misconduct. This is an effort to assure the accuracy of that statement.*"

Plaintiff argues that he needs the above information to establish, in connection with his liberty interest violation claim, "that false statements were made." However, in seeking summary judgment in connection with Plaintiff's liberty claims, Defendants primarily argue that the statements they made regarding Plaintiff were not stigmatizing, that the statements neither occurred during the course of terminating Plaintiff nor foreclosed future employment, and that Plaintiff does not allege the statements were published. Doc. 18 at 10. Plaintiff does not need the discovery he seeks to respond to these arguments.

Defendants also argue in their motion for summary judgment that, even assuming Plaintiff was entitled to a name clearing hearing, they satisfied the elements for such a hearing by reviewing the documents Plaintiff provided to rebut the claims against him. Doc. 18 at 10. In response, Plaintiff argues that the inadequate and incomplete information he was able to obtain on his own did not provide him with a fair opportunity to contest the allegations made against him. Doc. 21 at 17. This is a fair argument. Plaintiff, however, does not need the material on which Defendants relied to argue that Defendants' failure to provide this information deprived him of the ability to adequately defend himself at a name clearing hearing, assuming he was entitled to such a hearing. In other words, denying Plaintiff's discovery request does not prevent

5

him from forcefully arguing that, to the extent he was entitled to a hearing, he could not have a fair hearing if he was not even apprised of the allegations being made against him and so only defended himself based on what he assumed those allegations would be.

4. *"Who else may have received from Defendants the Martin and Delfin letters that were provided to Mr. Quam at the Returning Heroes Program"*

The parties agree that for Plaintiff to prevail on his liberty interest claim, he must establish that the statements about which he complains where published. Doc. 18 at 8; Doc. 21 at 16. Although he disagrees with binding precedent in the Tenth Circuit, Plaintiff candidly acknowledges that in the Tenth Circuit, "intra-governmental dissemination, by itself, falls short of the Supreme Court's notion of publication: 'to be made public'". Doc. 21 at 15 (quoting *Asbill v. Housing Auth. Of Choctaw Nation*, 726 F.2d 1499, 1503 (10th Cir. 1984)). As a result, to the extent Plaintiff seeks communications transmitted within the Executive Branch of the State of New Mexico, the Court denies this request. To the extent Plaintiff alleges that he applied for and was denied employment outside the Executive Branch of the State of New Mexico, however, the Court agrees that Plaintiff should be able to obtain information about communications concerning Plaintiff with these outside prospective employers. As a result, the Court will permit Plaintiff to propound a maximum of two interrogatories and two requests for production of documents that seek information about communications Defendants had about Plaintiff with entities outside the Executive Branch of the State of New Mexico that Plaintiff identifies as entities where he sought employment after 2014.

**IV. Conclusion**

Based on the foregoing, Plaintiff's motion (Doc. 24) is granted in part and denied in part. To the extent the Court has allowed Plaintiff to propound discovery, Plaintiff must do so within

6

two weeks of the date this Order is filed. The discovery shall be completed by March 1, 2018, unless extended by court order.

Upon completion of this discovery, Plaintiff shall be permitted to file a supplemental response brief no later than March 16, 2018 addressing the evidence adduced in discovery as it relates to Defendants' Motion for Summary Judgment (Doc. 18). Defendants may then file a reply in support of their Motion for Summary Judgment no later than March 30, 2018.

    **IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**